**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GARY CRAWFORD**                                               **PETITIONER**

**VS.**                           **CASE NO. 5:08CV00310 JLH/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge
J. Leon Holmes.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Gary Crawford, an inmate in the custody of the Arkansas Department of Correction (ADC). On July 9, 2004, after a jury trial in Jackson County Circuit Court, Mr. Garner was convicted and sentenced to 240 months in the ADC for rape and 96 months for kidnapping. The sentences were ordered to run consecutively for a total sentence of 336 months. A direct appeal, where the petitioner alleged the trial court erred in denying his motion for a directed verdict and urged that hearsay testimony was improperly allowed, was unsuccessful. *Crawford v. State*, 2005 WL 2293928 (Ark. App. September 21, 2005). Mr. Crawford then sought Rule 37 relief. The trial court initially denied his Rule 37 petition as untimely. On appeal, the state conceded that the Rule 37 petition was timely, and the Arkansas Supreme Court remanded the case for further consideration. *Crawford v. State*, CR 06-692 (Ark. Jan. 25, 2007). The trial court then considered the Rule 37 petition and denied relief. Mr. Crawford designated five points for relief in his appeal but offered arguments on only three (the trial court erred in failing to arraign him, he was improperly charged with kidnapping during the jury instruction phase of the trial, and he was denied a prompt first appearance and held for seven days before being seen by a judge) of the five points. The Arkansas Supreme Court affirmed the trial court. *Crawford v. State*, Cr 07-1051 (Ark. Oct. 2, 2008).

In his current petition, Mr. Crawford advances the following claims for relief:

1.      He was denied a prompt first appearance and denied due process throughout case 2003-91;

2

2.     His constitutional rights were violated when he was not arraigned for case 2003-91, as well as due process throughout case 2003-91;

3.     He received ineffective assistance of counsel and denial of compulsory process when his trial attorney failed to call key witness Al Hamdini; and

4.     He was denied due process and never charged with kidnapping, nor was it on the original affidavit.

The respondent contends that grounds one, two and four are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. By previous Court Order the petitioner was notified that dismissal of these grounds was possible, and the petitioner was directed to explain why the claims were not procedurally barred. Mr. Crawford has submitted a responsive pleading, and we first consider whether grounds one, two, and four are properly before this Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 124l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective

assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

Our review of the record shows that ground one, that he was denied a prompt first appearance and denied due process throughout case 2003-91, was not raised on direct appeal but this claim was advanced in Mr. Crawford's Rule 37 proceeding.  The Arkansas Supreme Court dismissed the claim because it should have been raised at trial or on direct appeal.  "Postconviction proceedings under Rule 37.1 do not permit a petitioner to raise questions that might have been raised at the trial or on the record on direct appeal, unless they are so fundamental as to render the judgment void and open to collateral attack."  *Crawford v. State*, Cr 07-1051 (Ark. Oct. 2, 2008), p. 2.  Docket entry no. 5, exhibit 6.

Ground two, in which Mr. Crawford alleges his constitutional rights were violated when he was not arraigned for case 2003-91, as well as due process throughout case 2003-91, was not raised on direct appeal.  In his Rule 37 proceeding, he argued that he was not charged with kidnapping prior to his trial, which is somewhat akin to ground two.  The Arkansas Supreme Court denied relief on that claim, noting that the trial court specifically found Crawford was charged by amended information with kidnapping prior to his trial, and further noting that an amended information was filed in the case on May 24, 2004, in advance of the July trial date.  Finally, the Arkansas Supreme Court found the petitioner offered nothing beyond conclusory statements in support of his argument, and the claim was dismissed.  It does not appear that ground two was precisely the same ground raised in petitioner's Rule 37 proceeding.  If it was not, then the petitioner failed to raise the claim in state court.  To the extent that the Rule 37 claim mirrored ground two, the state court dismissed the claim for several reasons, including the failure to support the claim with facts.  If we assume for the purpose of this Order that the claim was advanced, then the failure to support the claim factually means the claim was not properly advanced in a manner that allowed the state courts to fully

4

consider the merits of the claim. In either event, we find the second ground was not adequately presented in state court.

The fourth claim of Mr. Crawford is that he was denied due process and never charged with kidnapping, nor was it on the original affidavit. This claim is similar to ground two, both in its allegations and in the result in state court. The claim was not advanced on direct appeal. While some similar allegations were raised in the petitioner's Rule 37 petition, it does not appear that the exact claims were made. In addition, if the claims were advanced, the Arkansas Supreme Court found them supported by conclusory statements. We find, as with ground two, that the petitioner failed to adequately present ground four in state court. Although not specifically noted by the Arkansas Supreme Court, ground four (as well as ground two) might have been properly advanced on direct appeal rather than in a Rule 37 proceeding. In summary, we find grounds one, two, and four were not properly presented in order to allow the state courts to rule on the merits of the claims.

In his responsive pleading, Mr. Crawford contends there are two causes for his failure to raise grounds one, two, and four: one, his limited knowledge of legal matters; and two, ineffective assistance of counsel.

While the petitioner asserts a general lack of legal skill, he fails to cite exactly how this caused his failure in state court to properly present his claims. All three claims are issues which could have, arguably, been raised on direct appeal. Even if the petitioner were more skilled in legal matters, it does not follow that he would have pursued these claims when his attorney chose not to press the claims. The lack of legal skill does not amount to cause for failing to press the grounds in state court.

We now consider whether ineffective assistance of counsel constitutes cause for the petitioner's failure to adequately raise grounds one, two, and four in state court. In his explanatory pleading, Mr. Crawford urges that his attorney "was grossly negligent, ineffective as trial and appellant counsel" and again alleges counsel was "ineffective at trial and as an appellant counsel." Docket entry no. 11, pages 2-3. The first flaw with this argument is that these allegations of

ineffective assistance of counsel are very general.  The second flaw is that these claims were not properly advanced in state court.  A claim of ineffective assistance must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986); *see also, Edwards v. Carpenter*, 529 U.S. 446, 450-454 (2000).  Here, Mr. Crawford alleged only one claim of ineffective assistance of counsel in state court – that his attorney failed to call a witness.  Any ineffective assistance claim other than the one pressed in state court cannot amount to cause since those claims were not raised in state court.  The sole claim raised in state court does not amount to cause as it was deemed without merit by the state court and there is no logical link between this claim of ineffective assistance and petitioner's failure to advance grounds one, two, and four.

In summary, the petitioner has not borne the burden of demonstrating cause for failing to properly advance grounds one, two, and four in state court.  We note that there is also no showing of prejudice.  As a result, these claims should be dismissed as procedurally defaulted.

In his responsive pleading, Mr. Crawford mentions that he is actually innocent of the charges.  We note that actual innocence, if proved, obviates the need to establish cause and prejudice.  The United State Supreme Court guides us in considering this assertion:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. Crawford; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  In this instance, Mr. Crawford points to scientific evidence which was adduced at trial, not to newly discovered evidence.  This evidence, which will be discussed as part of petitioner's third ground for relief, does not satisfy the *Schlup* standard, and we therefore conclude that the claim of actual innocence is without merit.

The third claim of Mr. Crawford is that his attorney was ineffective for failing to call Al

6

Hamdini to testify at trial.  It is helpful to review what transpired at the trial, as summarized by the

Arkansas Court of Appeals:

> The State's first witness was Phillip Kennedy. Mr. Kennedy is the older brother of the victim, M.E. He testified that in June 2003 he and his wife were temporarily residing in a shop, and that Mr. Crawford came by and asked for money and a ride to the liquor store. M.E., who was then twelve years old, was at the shop when this occurred. Mr. Kennedy refused to help Mr. Crawford and walked into the shop to use the restroom. According to Mr. Kennedy, both his wife and M.E. also walked into the shop. However, when Mr. Kennedy was done using the restroom he looked through the shop and M.E. was not there.

> Upon realizing M.E. was missing, Mr. Kennedy ran outside and called for her. He testified that he saw Mr. Crawford pulling M.E. through a field, and Mr. Kennedy unsuccessfully gave chase in his car. While he was speeding through town looking for M.E., Mr. Kennedy was stopped by the police and he told them what had happened.

> Mr. Kennedy woke up the next morning and found M.E. in the shop sitting on the couch. He testified that she tried to walk across the room to get a drink, but she fell on the floor crying. Mr. Kennedy then drove M.E. to their mother's house, and their mother then drove her to the hospital.

> Mr. Kennedy's wife, Sara Dillard, gave a similar account of the events. She stated that when she saw M.E. on the following morning, M.E. had a terrified look on her face and had difficulty walking or sitting.

> M.E. testified that on the day of the crimes Mr. Crawford grabbed her by the arm and pulled her to his cousin's house. He then gave her some liquor, which she drank because he threatened to kill her if she refused. Mr. Crawford's cousin was there and unsuccessfully tried to get M.E. to go to the bedroom with him.

> Mr. Crawford then took M.E. to his mother's house, where he told M.E. he would kill her if she did not remove her clothes. M.E. complied, at which point Mr. Crawford started touching her and telling her he wanted to have sex. According to M.E., Mr. Crawford got on top of her and raped her as she was screaming "no." M.E. testified that during the episode Mr. Crawford put his penis inside her twice, and also forced her to give him oral sex. M.E. stated that when it was over she was intoxicated and fell asleep. The next morning, Mr. Crawford took M.E. back to the shop where her brother was staying, and M.E. slept for a while. She stated that when she awoke she was hurting, and that at first she told her brother and his wife that nothing had happened. However, she then told them the whole story.

> Officer Bridgett Hendrix was dispatched to the hospital and made contact with M.E. Officer Hendrix testified that M.E. was crying and was an "emotional wreck." Over Mr. Crawford's hearsay objection, Officer Hendrix was allowed to testify about her interview with M.E. Officer Hendrix stated that during the interview M.E. told her that Mr. Crawford forced her to have vaginal sex twice and oral sex once. According to Officer Hendrix the interview was traumatic for

M.E., and M.E. was crying and trying to catch her breath between answers.

Dr. Bill Ball examined M.E., and testified that she told him she was repeatedly raped. Dr. Ball indicated that M.E. was crying and hysterical. His examination revealed physical findings consistent with M.E. being raped twice. Dr. Ball diagnosed M.E. with post-traumatic stress syndrome secondary to rape.

Terri Roth, a forensic biologist for the Arkansas State Crime Lab, testified for the defense. She conducted DNA testing on semen that was found on one of M.E.'s shoes, and concluded that the DNA did not match that of Mr. Crawford. Ms. Roth also tested vaginal-smear samples taken from M.E. and was unable to determine whether or not Mr. Crawford's DNA was present.

Margaret Crawford, Mr. Crawford's mother, also testified for the defense. She stated that Mr. Crawford was living with her in 2003 and that he never brought a woman to the house. On cross-examination, Ms. Crawford acknowledged that she has suffered a stroke, uses a wheelchair, and is blind in one eye and sees very little out of the other.

*Crawford v. State*, 2005 WL 2293928, 1 -2 (Ark.App.,2005).

In his Rule 37 proceeding, Mr. Crawford alleged ineffective assistance of counsel for failing to call Al Hamdini as a witness.  The trial court denied relief on this basis, and the Arkansas Supreme Court addressed the issue as follows:

Finally, appellant argues that trial counsel was ineffective for failing to call a witness who appellant alleges had seen him with the victim. The trial court addressed this as two separate bases for relief raised in the petition and indicated that appellant did not identify any particular witness in the first basis. Mr. Al Hamdini was identified in the second basis and the trial court found that counsel did not call Mr. Hamdini as a matter of trial tactics outside the scope of relief under Rule 37.1.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Small,* 371 Ark. at 250, 264 S.W.3d at ----. Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).

Where the trial court has determined a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then a decision not to call a witness or challenge a statement may not be a proper basis for relief under Rule 37.1. *See Weatherford v. State,* 363 Ark.

579, 215 S.W.3d 642 (2005) (per curiam). The fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, itself, proof of counsel's ineffectiveness. *Rankin v. State,* 365 Ark. 255, 227 S.W.3d 924 (2006).

The trial court's order on this issue referenced an affidavit from trial counsel provided by the State that stated Mr. Hamdini was served to appear at trial, but that, when interviewed, Mr. Hamdini professed no knowledge of any facts either supporting or harming appellant's case. The order also referenced an affidavit from the prosecuting attorney that indicated Mr. Hamdini had denied being present during the time that the victim was kidnapped and raped. Those affidavits are included in the record as exhibits to the State's response.

While the trial court may have erred to the extent that it considered evidence submitted by the State without providing appellant an opportunity to challenge the proffered testimony at a hearing, the record in this case does provide support, without the affidavits, for a finding that the decision was a matter of strategy. The record in appellant's direct appeal does not include a copy of any subpoenas, but does list one as served on Mr. Hamdini the day of the trial in the index. Considering the information contained in the record that indicates that counsel was aware of Mr. Hamdini and could have called him as a trial witness if he elected to do so, we cannot conclude that the trial court committed error when it determined that trial counsel's failure to call Mr. Hamdini was a tactical decision.

Moreover, appellant did not meet his burden to plead facts sufficient to show that prejudice resulted from the alleged error by counsel. Considering the totality of the evidence presented at trial, even had Mr. Hamdini testified as petitioner alleged that he would, appellant did not show that this testimony was sufficient to have changed the outcome of the trial.

The petitioner claiming ineffective assistance of counsel has the burden of overcoming the presumption that counsel's conduct falls within the wide range of reasonable professional assistance by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Burton v. State,* 367 Ark. 109, 238 S.W.3d 111 (2006). The petitioner must show that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt and that the decision reached would have been different absent the errors. *Id.*

In his petition, appellant alleged that Mr. Hamdini would have testified that the victim and her brother left the shop with appellant voluntarily, in contrast to the brother's testimony that he saw appellant pulling the victim through a field. Considering the other evidence presented at trial, including the testimony of the victim, we cannot say that Mr. Hamdini's testimony to that effect alone would have caused the jury a reasonable doubt respecting appellant's guilt.

*Crawford v. State*, 2008 WL 4483002, 2 -3 (Ark.,2008).

In order to prove ineffective assistance of counsel, petitioner must prove that (l) his

attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he

was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985).  The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984).  This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

In this instance, the petitioner fails to demonstrate either of the two *Strickland* prongs were satisfied.  First, there is no showing that the trial attorney erred in failing to call Mr. Hamdini.  The record remains unclear whether Hamdini would have offered beneficial testimony. At best, it appears that Hamdini might have testified that the victim was not dragged across a field as she was abducted from her brother's shop.  We find no error in the trial attorney's choice not to call Hamdini, as this testimony, assuming it would have been given, was not likely to sway a jury when countered by the testimony of the victim, her brother, the victim's absence over the night, and her condition upon return the next morning.  The trial attorney's strategy appears to have focused upon the DNA evidence and the conclusions that a jury might draw from the sample on the victim's shoe.  While this strategy ultimately proved unsuccessful, we find no fault in the attorney's attempt to wisely defend the case.  Even if we were to assume attorney error in failing to call Mr. Hamdini, we find no prejudice accrued from such a strategy, as the evidence of kidnapping was ample.  In summary, there is no merit in the claim that petitioner's trial counsel was ineffective in failing to call Al Hamdini to testify.

In addition to asserting actual innocence as a reason for failing to raise grounds one, two, and four in state court, the petitioner submits actual innocence as a separate claim for habeas

10

corpus relief.  Mr. Crawford notes that Terri Roth of the State Crime Lab testified in open court

that the DNA semen sample found on the victim's shoe was not from the defendant.  On direct

appeal, the Arkansas Court of Appeals addressed this assertion:

> While Mr. Crawford contends that the DNA evidence compels reversal of his convictions, in reviewing a challenge to the sufficiency of the evidence we only consider that evidence that supports the verdict. *See Martin v. State,* 354 Ark. 289, 119 S.W.3d 504 (2003). Our supreme court has held that the uncorroborated testimony of a rape victim is substantial evidence to support a rape conviction if the testimony satisfies the statutory elements. *See Butler v. State,* 349 Ark. 252, 82 S.W.3d 152 (2002). In the instant case the testimony of M.E. by itself established the elements of rape, as well as kidnapping. While she admitted to being intoxicated, she explained that this was the result of her life being threatened, and this fact did not require the jury to disregard her testimony. Moreover, in addition to M.E.'s testimony, there was evidence that Mr. Crawford pulled M.E. across a field; that M.E. made subsequent statements of being restrained and raped by Mr. Crawford; and that there was physical and emotional evidence of M.E. being raped. There being substantial evidence to support the convictions, we reject Mr. Crawford's argument that the trial court erred in denying his motion for directed verdict.

*Crawford v. State*, 2005 WL 2293928, 3 (Ark.App.,2005).  The testimony of Terri Roth of the

State Crime Lab was the strongest evidence in Crawford's favor, as it called into question certain

portions of the prosecution's version of the crime.  Roth's testimony, however, does not prove

Crawford's actual innocence.  The jury was permitted under Arkansas law to accept the victim's

testimony that Crawford raped her, and the testimony of Roth did not disprove the key testimony

of the victim.

In addition, we note that a separate or freestanding claim of actual innocence is not a path

to habeas corpus relief.  The Eight Circuit Court of Appeals has "squarely rejected the notion that

a prisoner may receive a writ simply because he claims he is innocent. '[C]laims of actual

innocence based on newly discovered evidence have never been held to state a ground for federal

habeas relief absent an independent constitutional violation occurring in the underlying state

criminal proceeding.' *Meadows v. Delo,* 99 F.3d 280, 283 (8th Cir.1996) (quoting *Herrera v.

Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))."  *Burton v. Dormire*, 295

F.3d 839, 848 (8th Cir. 2002).  The final claim of Mr. Crawford, actual innocence, is without

merit.

        In summary, we find that grounds one, two, and four were not properly presented to this Court because of the unexcused procedural failure in state court.  We recommend that these claims be dismissed as procedurally barred.  The claim of ineffective assistance of counsel and the claim of actual innocence should be denied for lack of merit.  We recommend that the petition for writ of habeas corpus be dismissed and the requested relief be denied.

        IT IS SO ORDERED this   13   day of February, 2009.


                                                _____
                                                UNITED STATES MAGISTRATE JUDGE